In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kangs County (Baynes, J.), entered August 15, 2012, which denied her motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants and against her on the issue of liability and for a new trial on the grounds that the verdict sheet presented to the jury was incorrect and that certain comments made during summation were unduly prejudicial and deprived her of a fair trial.
*771 Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the plaintiffs motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict insofar as it was in favor of the defendant City of New York and against her on the issue of liability and for a new trial against that defendant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the defendant Cofire Paving Co. payable by the plaintiff, and one bill of costs to the plaintiff payable by the defendant City of New York, and the matter is remitted to the Supreme Court, Kings County, for a new trial against the defendant City of New York.
On November 13, 2004, the plaintiff allegedly was injured when the car she was driving hydroplaned on an accumulation of water on Furman Street in Brooklyn. The plaintiff alleged that the street had caved in where the accident occurred due to an underground sewer condition, which resulted in a depression in the street and an accumulation of water. The plaintiff commenced this action against the City of New York and Cofire Paving Co., a company that performed maintenance work for the City, alleging negligence.
At trial, the Supreme Court agreed that question one of the verdict sheet would state: “Did the City of New York receive written notice of a condition affecting the roadway of Furman Street at Montague Street which occurred as the result of known depressions, cave-ins or sinkholes at least 15 days before plaintiffs accident in order for the City of New York to have made repairs, taken suitable precautions or to have given adequate warning?” The Supreme Court agreed with the plaintiff that the question should not be limited to whether the City had notice of a “water condition.” The jury was then so charged. The jury returned its verdict in favor of the City and it was revealed that question one on the verdict sheet submitted to the jury contained the words “water condition.” The plaintiff subsequently moved pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial, contending, inter alia, that she was prejudiced by the Supreme Court’s submission of the wrong question to the jury.
Under the circumstances of this case, it was error for the Supreme Court to submit the question containing the words “water condition” to the jury. Accordingly, the Supreme Court erred in denying that branch of the plaintiffs motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict insofar as it was in favor of the City and against her on the issue of liability.
*772 The plaintiff’s remaining contention is without merit.
Dickerson, J.E, Leventhal, Hall and Miller, JJ., concur.